UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND

| | |
|---|---|
| In re:<br><br>LAKE SHORE GAS STORAGE, INC.,<br><br>Debtor. | CASE NO. 17-17246<br><br>JUDGE ARTHUR I. HARRIS |
| In re:<br><br>CHOWDER GAS<br>STORAGE FACILITY LLC,<br><br>Debtor. | CASE NO. 17-17245 |

**DEBTORS' MOTION SEEKING AN ORDER**
**AUTHORIZING ASSUMPTION OF MINERAL RIGHTS LEASES**

Lake Shore Gas Storage, Inc. ("Lake Shore"), case number 17-17246, and Chowder Gas Storage Facility, LLC ("Chowder", with Lake Shore, collectively, the "Debtors"), case number 17-17245, hereby move this Court (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit D (the "Proposed Order"), pursuant to section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), authorizing the Debtors to assume the executory contracts or unexpired leases held by the Debtors. In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1.  This court (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Exhibits**

2.     Exhibits A, B, and C, attached hereto, all provide information about the same Unexpired Leases.  Exhibits A and B provide information about the approximately 140 Unexpired Leases, including the original Lessee's name; both exhibits are the same list sorted by two different methods.  Exhibit A is sorted alphabetically by the Lessee's name.  Exhibit B is sorted numerically by the lease number.  Exhibit C is a list of all of the parties receiving payment related to the Unexpired Leases; Exhibit C is sorted alphabetically by the Payee Name.  Please note that the Lease No. on Exhibit C will correspond with the lease numbers listed on Exhibits A and B.  Finally, Exhibit D is the proposed order for this Motion.

**Background**

3.     On December 9, 2017, Lake Shore and Chowder initiated voluntary chapter 11 proceedings (collectively, the "Petition Date").

4.     Assets of the Debtors are:  (a) a gas storage "field" which is underground and the pipes and other equipment allowing gas to flow to and from the field; the field is made possible through leases involving third parties with contiguous properties; and (b) mineral interests, which include the rights to drill for various oil and gas components at different levels underground, including deep rights (collectively, the "Unexpired Leases").

5.     Although it is unclear whether the Unexpired Leases in this case are non-residential real property leases, pursuant to 11 U.S.C. 365(d)(4), the Debtors requested an extension of the deadline for rejecting and assuming non-residential real property leases and, on May 3, 2018, this Court entered an order extending the time period for the Debtors to assume or reject  non-residential real property leases through and including July 7, 2018.

## Relief Requested

### Assumption is in the best interest of the estates and creditors

6. The Debtors have determined that it is in the best interest of the estates to assume all of the Unexpired Leases identified on the exhibits attached hereto and incorporated herein by reference, effective July 7, 2018. Each assumed Unexpired Lease includes any modifications, amendments, addenda and/or supplements thereto and/or restatements thereof and/or any ancillary documents or agreements related thereto. Debtors seek assumption of the Unexpired Leases in an effort to maintain the value of all of their assets. Although the Debtors' assets include certain machinery and/or equipment, the primary assets are the Unexpired Leases. If the Unexpired Leases are allowed to expire, then the value of the Debtors' assets drop substantially.

7. A debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). If a default has occurred, related to such agreement, then at the time of assumption, the debtor must cure or provide adequate assurance that the debtor will promptly cure such default. *See* 11 U.S.C. § 365(b)(1). Courts reviewing a debtor's decision to assume or reject an executory contract or unexpired lease apply a business judgment standard. *Cor 5 Route Co. v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 383 (2d Cir. 2008). Debtors are allowed considerable discretion in determining whether to assume or reject an executory contract. When "the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. Of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). Accordingly, so long as a debtor exercises "reasonable" business judgment, a

court should approve the proposed assumption or rejection. *See generally NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984).

**No cure amounts are due**

8. Pursuant to section 365(b)(1)(A), if there has been a default in an unexpired lease, it must be cured at the time of assumption. For the sake of clarity, pursuant to section 365(b)(1)(A) of the Bankruptcy Code, the Debtors include a column on the exhibits, where the cure amount the Debtors' propose to pay to each lessor is listed ("Cure Amount"). The Debtors do not anticipate that any cure amounts will need to be paid, because, as a matter of course, during these bankruptcy proceedings all amounts due to the lease parties have been paid.

9. The Debtors' assumption of the Leases is an exercise of their sound business judgment. Assumption of the Leases is appropriate and represents the best available alternative under the circumstances because assumption of the Leases is necessary to realize the maximum value of the Debtors' assets.

10. It is unclear, at this time, whether the Debtors will sell their assets. Certain potential buyers have expressed interest in the Unexpired Leases. Courts have recognized the right of a debtor to assume a lease while maintaining the right to later assign the lease pursuant to the provisions of section 365, which permits assignment notwithstanding an otherwise applicable nonassignment restriction. *See In re Bricker Sys., Inc.*, 44 B.R. 952 (Bankr. E.D. Wis. 1984); *see also In re Federated Dep't Stores*, 135 B.R. 941, 945 (Bankr. S.D. Ohio 1991)(allowing a one-year lapse of time between assumption an assignment pursuant to section 365(f) and stating that *Bricker Systems* "lends clear support to the proposition that an assumed contract may be assigned at a later date").

**Adequate assurance of future performance**

11. Throughout these cases, the Debtors' obligations related to the Unexpired Leases have been funded by a third party. Payments to maintain the Unexpired Leases have been timely made and will continue to be made. Behavior demonstrated to date evidences the Debtors' responsible treatment of the Unexpired Leases and consistent efforts to maintain the value of the Unexpired Leases.

12. Based on the foregoing, the Debtors respectfully submit that they have exercised reasonable business judgment in deciding to assume the Unexpired Leases. The Debtors have determined that each of the Unexpired Leases adds value to the Debtors' bankruptcy estates. Because of the oil storage field, each of the Unexpired Leases have strategic value to any third party purchaser. Finally, the costs associated with assuming and servicing the Unexpired Leases are outweighed by the potential benefits. The Unexpired Leases are marketable and can be sold for valuable consideration. Accordingly, the Debtors request that the Court authorize the Debtors to assume the Leases.

### Request for Waiver of Bankruptcy Rule 6006(f)(6)

13. Pursuant to Bankruptcy Rule 6006(f)(6), "[a] motion to reject . . . multiple executory contracts or unexpired leases that are not between the same parties shall . . . be limited to no more than 100 executory contracts or unexpired leases." The Debtors believe that the filing of this Motion, which requests the Court to approve the assumption of approximately 142 Leases is the most efficient and least costly means by which to seek the relief requested herein. Accordingly, to preserve valuable estate resources, the Debtors request that this Court exercise its equitable powers to waive Bankruptcy Rule 6006(f)(6).

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit D, (i) authorizing the Debtors to assume the Unexpired Leases effective July 7, 2018; and (ii) granting such other relief as the Court deems just and proper.

Dated: July 7, 2018

Respectfully submitted,

*/s/ Sherri L. Dahl*
Sherri L. Dahl (0073621)
DAHL LAW LLC
12415 Coit Road
Bratenahl, Ohio 44108
SDahl@DahlLawLLC.com
Tel: 216.235.6871
Fax: 216.649.0666
*Counsel for Lake Shore Gas Storage Inc. and Chowder Gas Storage Facility, LLC*