UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CLEVELAND

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | Case No. 17-17245 (AIH) |
| **Chowder Gas Storage Facility LLC** | ) | |
| | ) | |
| | ) | Judge Arthur I. Harris |
| **Debtor** | ) | |

| | | |
|---|---|---|
| **In re:** | ) | **CASE NO. 17-17246 (AIH)** |
| | ) | |
| **Lake Shore Gas Storage Inc.** | ) | |
| | ) | **Judge Arthur I. Harris** |
| **Debtor** | ) | |

## VERIFIED STATEMENT OF ANTHONY J. DeGIROLAMO

ANTHONY J. DeGIROLAMO states as follows:

1. I am a sole practitioner with offices located at 3930 Fulton Dr., N.W., Ste. 100B, Canton, Ohio 44718 ("DeGirolamo"). I am a member in good standing of the Bar of the State of Ohio and am admitted to practice before the United States District Court for the Northern District of Ohio. I make this Statement in support of the appointment of DeGirolamo as Chapter 11 trustee for the debtor in the above-captioned chapter 11 case (the "Debtor") pursuant to Rule 2007.1 of the Federal Rules of Bankruptcy Procedure.

2. DeGirolamo is willing to serve as trustee for the Debtor in its chapter 11 case and to accept compensation and reimbursement of expenses incurred in accordance with the provisions

of sections 326 of the Bankruptcy Code, the applicable Bankruptcy Rules, and the General Orders in effect in this District.

3. I have searched DeGirolamo's database of client matters to determine if DeGirolamo has or has had any relationship with the Debtor, the Debtor's known creditors, the Debtor's other professionals, and the Debtor's secured lenders.

4. Based upon the foregoing search, I have determined that:

(a) DeGirolamo has no relationship with the Debtor or its professionals;

(b) DeGirolamo does not represent any of the Debtor's secured creditors; and

(c) DeGirolamo does not represent any creditor of the Debtor in matters relating to the Debtor.

5. Except as noted above, insofar as I have been able to ascertain, DeGirolamo holds or represents no interest adverse to the Debtor or its estate. Further, insofar as I have been able to ascertain, other than in connection with this chapter 11 case, DeGirolamo has no connection (defined as a professional relationship) with the Debtor's creditors, any other party in interest herein, their respective attorneys or accountants, the United States trustee, or any other person with actual or potential interest in the Debtor's chapter 11 case, or persons employed thereby, with the specific exception that DeGirolamo has been a chapter 7 panel trustee since August 2003. Accordingly, DeGirolamo is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code.

6. No promises have been received by DeGirolamo as to compensation or reimbursement of expenses in connection with the Debtor's chapter 11 case. DeGirolamo has no agreement with any other entity to share with such entity any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

7. The proposed employment of DeGirolamo is not prohibited by, or improper under, Bankruptcy Rule 5002. DeGirolamo is qualified to act as the Chapter 11 trustee for the Debtor.

8. For the reasons set forth above, DeGirolamo is qualified to act as trustee for the Debtor. DeGirolamo does not represent in connection with the Debtor's chapter 11 case, any other entity holding an interest adverse to the Debtor or its estate.

9. DeGirolamo will continue to carry on further inquiries with respect to the matters contained herein and will file supplemental statements regarding this retention if any additional relevant information comes to his attention.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of August, 2018

_____
Anthony J. DeGirolamo

Sworn to before me this 2nd day of August, 2018.

_____
NOTARY PUBLIC

Thomas W. Daily Atty. at Law
My Commission has no Expiration Date
Section 147.03R.C.

3

159868